NOT DESIGNATED FOR PUBLICATION

No. 114,870

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRELL JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.


*Per Curiam*:  Darrell Anthony Jones appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Jones' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On August 29, 2011, Jones pled guilty to one count of possession of marijuana. On October 21, 2011, the district court imposed a presumptive sentence of 10 months' imprisonment but granted probation with community corrections for 18 months.

Jones was subsequently convicted of two driving while suspended charges. After the first conviction, the district court imposed a jail sanction and reinstated Jones'

1

probation. At a hearing on July 10, 2015, following the second conviction for driving while suspended, the district court revoked Jones' probation and ordered him to serve his underlying prison sentence. Jones timely appealed.

On appeal, Jones contends that the district court "abused its discretion by denying [his] request for reinstatement [to probation] because sanctions remained a viable option." Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Jones acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke the probation without imposing an intermediate sanction. Here, Jones twice committed the offense of driving on a suspended license while on probation, so the district court was not required to consider additional intermediate sanctions. Moreover, the district court's decision to revoke Jones' probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Jones' probation and ordering him to serve his underlying prison sentence.

Affirmed.